UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **URUS INDUSTRIAL CORPORATION,** ) | |
| **d/b/a KOOLATRON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-0516-CVE-PJC |
| ) | |
| **VENTURA FOODS, L.L.C.,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court are defendant's Motion to Stay Proceedings (Dkt. # 11), Defendant's Motion to Transfer Case (Dkt. # 16), and Plaintiff's Opposed Motion for Leave to File Amended Complaint (Dkt. # 33).

**I.**

Defendant, Ventura Foods, L.L.C. ("Ventura"), moves to stay proceedings pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. Ventura argues that claims alleged by plaintiff, Urus International Corporation d/b/a Koolatron ("Koolatron"), are subject to compulsory arbitration. On August 12, 2005, plaintiff, Koolatron filed this suit in state court against Ventura for breach of contract and negligence. Ventura removed the action to this Court on September 6, 2005 (Dkt. # 2). Koolatron identifies itself a third party beneficiary of a contract for sale of goods between Ventura and Dispense-All, Inc., an Oklahoma corporation. The Equipment Purchase Agreement ("EPA") entered into by Ventura and Dispense-All, Inc., included the following arbitration clause:

> This Agreement shall be governed by and construed in accordance with the laws of the State of California without reference to the choice-of-law principles thereof. Any dispute arising out of or relating to this Agreement or any other agreement referred to herein, including but not limited to . . . any Assignment of Additional User Agreements or the breach, termination or validity hereof or thereof shall be settled by binding arbitration in accordance with the then current CPR Non-Administered

>Arbitration Rules by a sole arbitrator. The arbitration shall be governed by the United States Arbitration Act, 9 U.S.C. § 1-16, and judgment upon the award rendered by the arbitration may be entered by any court having jurisdiction thereof. The place of arbitration shall by Los Angeles, California. The arbitrator shall not be empowered to award damages in excess of compensatory damages.

Dkt. # 11, Ex. 1, at 9. Koolatron argues that Ventura waived its right to arbitration when it removed this action to federal court. In its answer, Ventura asserted arbitration as an affirmative defense. Dkt. # 4, at 7. After the initial scheduling order, parties engaged in preliminary discovery. Ventura filed this motion to compel arbitration on the ground that Koolatron's allegations fall within the scope of the EPA arbitration clause.

The FAA governs the rights and responsibilities of parties with respect to an arbitration agreement.[1] 9 U.S.C. § 1, et. seq. The FAA reflects a liberal federal policy favoring the resolution of disputes through arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). The substantive provision of the FAA provides that:

>A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2; Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991); Peterson v. Shearson/American Express, 849 F.2d 464, 465 (10th Cir. 1988). Arbitration clauses are to be construed broadly and all doubts must be resolved in favor of coverage. Moses, 460 U.S. at 24-25; Shankle v. B-G Mint. Mgmt. of Colo., 163 F.3d 1230, 1233 (10th Cir. 1999); Armijo v. Prudential

---

[1] Koolatron is subject to the arbitration agreement because, as a third party beneficiary, it must accept the contract's burdens along with its benefits.

2

Ins. Co., of America, 72 F.3d 793, 797 (10th Cir. 1995); Samson Resources Co., v. International Business Partners, Inc., 906 F. Supp. 624, 627 (N.D. Okla. 1995).[2]

Section 3 of the FAA allows courts to stay the trial of a lawsuit brought upon an issue subject to arbitration under a written arbitration agreement if the court is satisfied the issue is arbitrable and the party applying for the stay is not in default. 9 U.S.C.§ 3; see also Adair Bus Sales, Inc. v. Blue Bird Corp., 25 F.3d 953, 955 (10th Cir. 1994) (under section 3, the proper course is for district court to stay, rather than to dismiss, action pending arbitration). The FAA provides five prerequisites for issuance of a stay to pursue arbitration: a written arbitration agreement; a contract evidencing a transaction involving interstate commerce; an issue referable to arbitration established to the Court's satisfaction; an application by a party to stay the proceedings; and the party seeking the stay is not in default with such arbitration. 9 U.S.C. § 3; see Cason v. Conoco Pipeline Co., 280 F.Supp.2d 1309, 1320 (N.D. Okla. 2003). Koolatron concedes that the first four factors apply but argues default. The term "default" is akin to waiver but, given the policy in favor of arbitration, circumstances giving rise to default are not to be lightly inferred. Maxum Foundations, Inc. v. Salus Corp., 779 F.2d 974, 981 (4th Cir. 1985). As the party asserting waiver of arbitration, Koolatron bears a heavy burden of proof. Peterson, 849 F.2d at 466.

In determining whether a party waived its right to arbitration, the relevant factors are:

(1) whether the party's actions are inconsistent with the right to arbitrate;
(2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate;
(3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay;

---

[2]  Oklahoma courts have recognized the applicability of the FAA to actions which may be brought in state court. Fleming Companies, Inc. v. Tru Discount Food's, 977 P.2d 367 (Okla. Civ. App. 1999).

3

> (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings;
> (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and
> (6) whether the delay "affected, misled, or prejudiced" the opposing party.

Id. at 467-68 (citations omitted) (brackets in original). Because federal policy strongly favors arbitration, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses, 460 U.S. at 24-25.

Koolatron argues that arbitration is foreclosed because Ventura defaulted when it invoked the "litigation machinery" by removing the case, answering the complaint, and complying with court orders. However, a party does not waive its right to arbitration by complying with court orders. See Maxum, 779 F.2d at 982; Tennco Resins, Inc. v. Davy Inter., AG, 770 F.2d 416, 421 (5th Cir. 1985) (holding that serving and responding to interrogatories and document requests did not amount to waiver). Koolatron filed suit against Ventura on August 12, 2005, and Ventura moved to stay on January 11, 2006. At the time Ventura filed its motion to stay, trial was set for June 19, 2006. See Dkt. # 8, 10. The fact that Ventura filed this motion approximately six months before trial gave Koolatron sufficient time to respond and did not, therefore, affect, mislead, or prejudice Koolatron. See Adams v. Merrill Lynch Pierce Fenner & Smith, 888 F.2d 696, 701-02 (10th Cir. 1980) (finding that a delay of nearly a year did not not support a waiver of arbitration).

Prior to filing its motion to stay, Ventura asserted its arbitration right in its timely-filed answer. Additionally, Ventura did not file a counterclaim, which favors a finding that no waiver occurred. See McWilliams v. Logicon, Inc., 143 F.3d 573, 576 (10th Cir. 1998). Ventura's actions

4

have not been inconsistent with the right to arbitrate and do not constitute sufficient invocation of "the litigation machinery" to create waiver.

Koolatron argues that it will be harmed if obliged to arbitrate its contract claim and pursue its negligence claim in court. As a matter of law, "the relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement." Moses, 460 U.S. at 20 (emphasis in original). Further, Koolatron's claim for negligence "aris[es] out of or relat[es] to" the EPA. As such, the arbitration clause applies to both of plaintiff's claims against Ventura. See P & P Industries, Inc. v. Sutter Corp., 179 F.3d 861, 871 (10th Cir. 1999) ("There is no per se rule, such as that suggested by [plaintiff] here, that claims relating to third-party contracts can never be 'related to' two other parties' contractual agreement. Rather, all claims with 'a significant relationship to the [Agreement,] regardless of the label attached' to them, arise out of and are related to the Agreement.") (citations omitted).

## II.

Ventura also moves to transfer the case to the United States District Court for the Central District of California (Dkt. # 16). Based on the findings above, Ventura's motion to transfer is **moot.**

## III.

Koolatron requests leave to amend its complaint to add additional claims (Dkt. # 33). A party may amend a complaint "only by leave of the court" and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see, e.g., Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir. 1994). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Calderon v. Kansas Dept. of Social and

Rehabilitation Servs., 181 F.3d 1180, 1186 (10th Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962). Koolatron states that its new "allegations are directly related to one of [its] already existing claims." Dkt. # 33, at 4. As such, the Court finds that the proposed claims arise from and relate to the EPA and are, therefore, subject to the arbitration agreement. Accordingly, plaintiff's motion is granted but filing of an additional claim is stayed pending arbitration. The Court assumes that any such claim will be included in any arbitration proceeding.

### IV.

**IT IS THEREFORE ORDERED** that defendant's Motion to Stay Proceedings (Dkt. # 11) is **granted and arbitration is compelled. This case is hereby stayed pending arbitration.** The parties shall file a notice to the Court as to the scheduled date of arbitration, and shall also timely file with the Court the arbitration decision.

**IT IS FURTHER ORDERED** that Defendant's Motion to Transfer Case (Dkt. # 16) is declared **moot**, and Plaintiff's Opposed Motion for Leave to File Amended Complaint (Dkt. # 33) is **granted but filing of an additional claim is stayed pending arbitration**.

**DATED** this 10th day of April, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT